Slip Op. 07-112

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                         :
UNITED STATES,                           :
                                         :
        Plaintiff,                       :
                                         :
        v.                               :        Court No. 02-00106
                                         :
FORD MOTOR COMPANY,                      :
                                         :
        Defendant.                       :
_____:

**Held:**  Plaintiff's motion to clarify judgment and to collect pre-judgment interest on unpaid duties granted.

         Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (David A. Levitt and David S. Silverbrand); of counsel: Katherine F. Kramarich, Bureau of Customs and Border Protection, for the United States, Plaintiff.

         Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP (David M. Murphy, Steven P. Florsheim, Robert B. Silverman, and Frances P. Hadfield); of counsel: Paulsen K. Vandevert, for Ford Motor Company, Defendant.

                                         Dated:  July 19, 2007

### OPINION

**TSOUCALAS, Senior Judge:**  This matter comes before the Court on the motion of the United States ("Plaintiff" or "Government") to clarify the judgment issued in United States v. Ford Motor Co. ("Ford CIT"), 29 CIT __, 387 F. Supp. 2d 1305, 1334 (2005), in favor of the Government and against the Ford Motor Company

("Defendant" or "Ford") awarding the Government unpaid duties in
the amount of $184,495 and civil penalties in the amount of
$3,000,000("July 20, 2005 Judgment").  See Ford CIT, 29 CIT at __,
387 F. Supp. 2d at 1334.  The July 20, 2005 Judgment was issued
contemporaneously and in accordance with the Court's Opinion of
that date ("July 20, 2005 Opinion"), which "order[ed] Ford to
tender $184,495 for unpaid duties, and assesse[d] Ford a civil
penalty in the amount of $3,000,000, plus lawful interest."  Ford
CIT, 29 CIT at __, 387 F. Supp. 2d at 1334.  The Court of Appeals
for the Federal Circuit ("CAFC") reversed this Court's decision in
part, and affirmed, inter alia, the amounts of duties and penalties
awarded by this Court.  See United States v. Ford Motor Co. ("Ford
CAFC"), 463 F.3d 1286, 1298-1299 (Fed. Cir. 2006).

In the instant motion, the Government seeks to determine
whether the Court's award of "lawful interest" in the July 20, 2005
Judgment encompasses pre-judgment interest on unpaid duties of
$184,495 accrued from July 19, 1995, the date of Custom's demand.
Gov't Mot. Clarify J. Collect Prejudgment Interest ("Gov't Brief")
at 1.

### Statement of Facts

The full factual and procedural background of this case has
been set forth in the prior decision of the CAFC and this Court.
See Ford CAFC, 463 F.3d 1286; Ford CIT, 29 CIT __, 387 F. Supp. 2d
1305.  The facts relevant to the instant inquiry are as follows.

During the period February 2, 1989 through March 12, 1989, Ford imported automotive tooling and stamping dies to the United States from Japan.  See Ford CIT, 29 CIT at __, 387 F. Supp. 2d at 1310. The Bureau of Customs and Border Protection ("Customs")[1] demanded payment for unpaid duties as of July 19, 1995.  Gov't Brief at Ex. 1; Def's Opp'n Gov't Mot. Clarify J. Collect Prejudgment Interest ("Ford Brief") at Ex. 2.   On January 24, 2002, the Government commenced the instant action against Ford alleging that Ford committed fraud, gross negligence or negligence by making false statements on the price of such merchandise, in violation of 19 U.S.C. §§ 1592(a)-(d).  See Ford CIT, 29 CIT at __, 387 F. Supp. 2d at 1308.  In its Complaint, the Government sought unpaid duties, pre-judgment interest and post-judgment interest associated with such duties, a civil penalty, post-judgment interest on the penalty, and attorney's fees.  Complaint, at 5.  A bench trial was held from February 28 through March 10, 2005.  On July 20, 2005, this Court issued a decision finding that Ford had committed gross negligence in violation of 19 U.S.C. §§ 1484 and 1485 and ordered Ford to pay $3,000,000 in penalties, $184,495 in unpaid duties,

---

[1]     The Bureau of Customs and Border Protection was renamed United States Customs and Border Protection, effective March 31, 2007.  See Name Change From the Bureau of Immigration and Customs Enforcement to U.S. Immigration and Customs Enforcement, and the Bureau of Customs and Border Protection to U.S. Customs and Border Protection, 72 Fed. Reg. 20,131 (April 23, 2007).

plus any "lawful interest." Ford CIT, 29 CIT at __, 387 F. Supp. 2d at 1334. As noted above, on November 22, 2006, the CAFC reversed this Court's decision in part, and affirmed, inter alia, the amounts of duties and penalties awarded by this Court. Ford CAFC, 463 F.3d 1286, 1298-1299.

By letter dated December 5, 2006, the Government sought payment of unpaid duties in the amount of $184,495, pre-judgment interest thereon in the amount of $196,956.23, penalties in the amount of $3,000,000 and post-judgment interest on unpaid duties and penalties accruing at the rate of $332.59 per day. Gov't Brief at 1; Ford Brief at 2. Ford thereafter paid all unpaid duties, penalties and post-judgment interest on unpaid duties and penalties, but declined to pay the pre-judgment interest sought by the Government on the ground that the July 20, 2005 Judgment did not award same. Gov't Brief at 2; Ford Brief at 3. On March 14, 2007, the Government filed the instant motion seeking to clarify the July 20, 2005 Judgment and to recover from Ford pre-judgment interest on unpaid duties ("Motion"). Id. On March 28, 2007, Ford submitted its opposition to the Motion. Ford Brief at 12. On April 4, 2007, the Government filed a motion for leave to file its reply papers on the ground that Ford's opposition to the Motion addressed issues not included in the Motion. On April 10, 2007, Ford opposed the Government's motion for leave to file its reply papers asserting that the Government failed to state the basis of

its motion with particularity.  On April 11, 2007, the Court granted the Government leave to file its reply papers.  The Government filed its reply to the Motion that date.


## Discussion

As a threshold matter, Ford opposes the Government's motion on the ground that it seeks to alter or amend this Court's judgment. Ford Brief at 3-4.  As such, Ford claims the Motion should have been brought pursuant to USCIT Rule 59(e).  Id.  Motions brought under Rule 59(e) must be filed within 30 days of the entry of the judgment.  USCIT Rule 59(e).  Claiming that the Government failed to bring the instant motion within 30 days of July 20, 2005, the date of the entry of the judgment which the Government seeks to clarify, Ford asserts that the Motion was made untimely in violation of Rule 59(e).  Ford Brief at 3-4; USCIT Rule 59(e).

A motion to clarify and a Rule 59(e) motion to alter or amend a judgment are distinct motions.  See Osterneck v. Ernst & Whinney, 489 U.S. 169, 174 (1989); White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 451 (1982) (citing Browder v. Director, Illinois Dept. of Corr., 434 U.S. 257 (1978)); Britt v. Whitmire, 956 F.2d 509, 512, (5th Cir. 1992) (quoting Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669-670 (5th Cir. 1986)).  A Rule 59(e) motion involves "reconsideration of matters properly encompassed in a decision on the merits."  White,

455 U.S. at 451.  "No matter how it is labeled, a motion is treated as one made under Rule 59(e) if it 'calls into question the correctness of a judgment' and seeks to alter or amend it." <u>Britt</u>, 956 F.2d at 512.

As such, the instant motion does not require this Court to reconsider the correctness of the July 20, 2005 Judgment.  The Government is not belatedly seeking an award of pre-judgment interest.  Rather, it seeks to clarify whether the July 20, 2005 Opinion awarding "lawful interest" encompassed an award of pre-judgment interest on unpaid duties.  See Gov't Reply Clarify J. Collect Prejudgment Interest ("Gov't Reply") at 5.  Accordingly, the instant motion is not subject to the time limitation of Rule 59(e).[2]

As to the substance of the instant motion, the long-established rule in the Federal Courts permits the United States to recover interest on money due to the government even in the absence of any statutory authorization for an award of pre-judgment interest.  <u>See</u> <u>United States v. Goodman</u>, 6 CIT 132, 139-140, 572 F. Supp. 1284, 1289 (1983)(citing <u>Billings v. United States</u>, 232 U.S. 261 (1914) and <u>United States v. Abrams</u>, 197 F.2d 803, 805 (6th Cir. 1952), <u>cert. denied</u>, 344 U.S. 855 (1952)).  Indeed, the CAFC has

---

[2]    Ford's request for reconsideration of the undervaluation and loss of revenue amounts does seek to alter or amend the July 20, 2005 Judgment and is therefore untimely pursuant to Rule 59(e).

affirmed this Court's authority to award pre-judgment interest in other similar cases based on considerations of equity and fairness. See, e.g., United States v. Imperial Food Imports, 834 F.2d 1013, 1016 (Fed. Cir. 1987); United States v. Monza Automobili, 12 CIT 239, 683 F. Supp. 818 (1988).

The Government is entitled to pre-judgment interest on unpaid duties in the absence of a delay in assessing and collecting duties.  See United States v. Jac Natori, 22 CIT 1101, Slip Op. 1998-162 (holding that a judgment awarding unpaid duties recovered pursuant to 19 U.S.C § 1592 and "interest as provided by law" includes pre-judgment interest); Monza Automobili, 12 CIT at 242, 683 F. Supp. at 820.  The rationale behind this general rule is to compensate the Government for lost use of the money due.  See Imperial Food Imports, 834 F.2d at 1016 (noting that "[i]t would be inequitable and unfair for the government to make an interest-free loan of this sum from the date of final demand to the date of judgment").  In awarding "lawful interest" in the July 20, 2005 Opinion, which is incorporated by reference in the July 20, 2005 Judgment, the Court awarded both pre-judgment and post-judgment interest on unpaid duties.

The Government did not abandon its claim for pre-judgment interest by failing to refer to it in the pre-trial order or in the post-trial brief.  See, e.g., United States v. Nat'l Semiconductor Corp., 30 CIT __, Slip Op. 2006-138; in Re Crescent Ship Serv.

Inc., 2005 WL 1038652 (E.D. La. 2005) (noting that "a claim for
pre-judgment interest does not have to be referred to in proposed
findings of fact if it is included in the complaint").

Moreover, the Court's award of pre-judgment interest in the
July 20, 2005 Judgment is not barred by Rule 37 of Fed. R. App. P.
("FRAP") as claimed by Ford.  FRAP Rule 37 provides, inter alia,
that:

> Unless otherwise provided by law, if a judgment for money
> in a civil case is affirmed, whatever interest is allowed
> by law shall be payable from the date the judgment was
> entered in the district court.  (Emphasis added).

It specifically permits award of pre-judgment interest if it is
"otherwise provided by law[.]"   See New England Ins. Co. v.
Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599 (2d Cir. 2003);
Newburger, Loeb & Co., Inc. v. Gross, 611 F.2d 423 (2d Cir. 1979).
In the instant matter, the Court awarded pre-judgment interest on
unpaid duties pursuant to its discretionary authority as allowed by
law.[3]

---

[3]     The parties apparently do not dispute that pre-judgment
interest accrues from the date of Custom's last demand.  See Monza
Automobili, 12 CIT at 240; 683 F. Supp. at 820 (awarding pre-
judgment interest from the date of final demand for payment);
Imperial Food Imports, 834 F.2d at 1016 (award of pre-judgment
interest from the date of final demand was not an abuse of
discretion); United States v. Reul, 959 F.2d 1572, 1579-1581 (Fed.
Cir. 1992)(pre-judgment interest accrues while the government
pursues the claim).

## Conclusion

Based on the foregoing, the Government's motion to clarify and to seek pre-judgment interest on unpaid duties is granted.


_____/s/ Nicholas Tsoucalas_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated: July 19, 2007
       New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____

|  | : |  |
| --- | --- | --- |
| UNITED STATES, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | Court No. 02-00106 |
| v. | : |  |
|  | : |  |
| FORD MOTOR COMPANY, | : |  |
|  | : |  |
| Defendant. | : |  |

_____:

### <u>JUDGMENT</u>

Upon consideration of Plaintiff's Motion To Clarify Judgment And To Collect Pre-Judgment Interest, Defendant's Opposition, Plaintiff's Reply, the entire record herein, and after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that Plaintiff's Motion is granted; and it is further

**ORDERED** that Plaintiff shall recover against Ford pre-judgment interest in the amount of $196,956.23 in accordance with the judgment entered in <u>United States v. Ford Motor Co.</u>, 29 CIT __, 387 F. Supp. 2d 1305 (2005) and post-judgment interest thereon pursuant to 28 U.S.C. § 1961.


                                    /s/ Nicholas Tsoucalas
                                   NICHOLAS TSOUCALAS
                                     SENIOR JUDGE



Dated:     July 19, 2007
           New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                            Deputy Clerk